ORIGINAL

# In the United States Court of Federal Claims

No. 18-25C
(Filed January 11, 2018)
NOT FOR PUBLICATION

FILED
JAN 1 1 2018
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
                                 *
MITCHELL T. TAEBEL,              *
                                 *
          Plaintiff,             *
                                 *
     v.                          *
                                 *
THE UNITED STATES,               *
                                 *
          Defendant.             *
                                 *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

On December 27, 2017, plaintiff, Mitchell T. Taebel, filed a cursory, one-paragraph complaint. Compl. In this complaint, Mr. Taebel contends that an overbroad interpretation of the "general Welfare" reference in the preamble to the U.S. Constitution has resulted in the U.S. Department of Justice acting contrary to the Constitution. *Id.* In particular, Mr. Taebel objects to the enforcement of federal criminal laws other than those enumerated in the Constitution, and maintains that such activity results in an unconstitutional expense of funds—presumably violating the Tenth Amendment to the U.S. Constitution. *See id.*

As is frequently the case when non-lawyers represent themselves in proceedings brought in our court, Mr. Taebel seems to misunderstand the jurisdiction that Congress has given us. Our court has not been empowered to opine in every matter in which a would-be litigant disagrees with the federal government's interpretation of a constitutional provision. Under the Tucker Act, 28 U.S.C. § 1491(a)(1), our jurisdiction is restricted to claims for money damages, and requires "the identification of a money-mandating law which was allegedly violated by the federal government." *Stanwyck v. United States*, 127 Fed. Cl. 308, 312 (Fed. Cl. 2016) (citing *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983)). For jurisdiction to rest on the violation of a constitutional provision, that provision must

mandate that money be paid to particular individuals if violated. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)); *see also Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967) (explaining that our predecessor did not have jurisdiction over "every claim involving or invoking the Constitution").

Not only has Mr. Taebel failed to allege that any money damages are owed him by the federal government, but he fails to explain how the only constitutional provision he maintains was violated—namely, the Tenth Amendment—can be interpreted as mandating the payment of money to anyone. The text of the Tenth Amendment says nothing about the payment of money, as our court has frequently held. *See, e.g., Milgroom v. United States*, 122 Fed. Cl. 779, 800 (Fed. Cl. 2015) (explaining that the Tenth Amendment is not a money-mandating provision of the Constitution).

Subject-matter jurisdiction may be raised by the parties at any time, or by the court *sua sponte*. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." When a court undertakes this determination, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Folden*, 379 F.3d at 1354 (citation omitted).

As Mr. Taebel's complaint has failed to base his claim on a constitutional provision which would entitle him to an award of compensation were his claim successful, our court lacks the authority to hear the matter. *See Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018–19 (1978). The case is therefore **DISMISSED** for lack of jurisdiction per RCFC 12(h)(3). Because Mr. Taebel appears to meet the requirements to proceed *in forma pauperis*, see ECF No. 4, his motion for leave to proceed *in forma pauperis* is **GRANTED**, and thus no filing fee need be paid. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge