ORIGINAL

# In the United States Court of Federal Claims

No. 18-25C
(Filed June 7, 2018)
NOT FOR PUBLICATION

FILED
JUN -7 2018
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * *
                                *
                                *
MITCHELL T. TAEBEL,             *
                                *
            Plaintiff,          *
                                *
    v.                          *
                                *
THE UNITED STATES,              *
                                *
            Defendant.          *
                                *
                                *
* * * * * * * * * * * * * * * *
```

## ORDER

This case was filed *pro se* on December 27, 2017, by plaintiff, Mitchell T. Taebel. *See generally* ECF No. 1. In his complaint, Mr. Taebel alleged that the Department of Justice is an unconstitutional expansion of the federal government's power and therefore a violation of the Tenth Amendment of the United States Constitution. *Id.* Because Mr. Taebel's claim fell outside of the court's jurisdiction, this Court dismissed his complaint on January 11, 2018. *See* ECF No. 5. Mister Taebel then filed a notice of appeal on January 19, 2018. *See* ECF No. 7. Despite the pendency of his appeal, he now submits a request for a restraining order against alleged surveillance by the Federal Bureau of Investigation, under Rule 65(b) of the Rules of the United States Court of Federal Claims (RCFC).

Considering Mr. Taebel's *pro se* status, the Court will allow the paper to be filed and treated as a motion for an injunction pending an appeal under RCFC 62(c). Granting the motion, however, would be inappropriate for two reasons. First, this court's ability to grant equitable relief under the Tucker Act is extremely limited. *See* 28 U.S.C. § 1491(a)(2) & (b)(2); *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 313 (2011) (citing *United States v. King*, 395 U.S. 1, 2–3 (1969)). As Mr. Taebel has brought neither a bid protest nor a backpay claim, his case would not qualify for such relief. Second, this Court has already determined that it has no


Case 1:18-cv-00025-VJW Document 9 Filed 06/07/18 Page 2 of 2

- 2 -

subject-matter jurisdiction over Mr. Taebel's claim. *See* ECF No. 5. For these reasons, Mr. Taebel's request for an injunction is **DENIED**. If Mr. Taebel wishes to seek further relief, he should seek it from the United States Court of Appeals for the Federal Circuit—as that is the court that currently has jurisdiction over his case.

**IT IS SO ORDERED.**

*[signature]*

VICTOR J. WOLSKI
Judge